UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

JERMAINE GORDON,

                           Plaintiff,

     - against -

CO DRUMMOND, et al.,

                           Defendants.

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

19 Civ. 8405 (GBD) (GWG)

-----------------------------------------------------------------------X

        **WHEREAS**, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendants City of New York, New York City Department of Correction ("DOC") Correction Officer ("CO") Drummond, and CO Jackson must disclose certain documents and information to Plaintiff;

        **WHEREAS**, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff seeks certain documents and information from Defendants pursuant to his discovery demands in this action;

        **WHEREAS** Defendants deem and/or may deem some of this information and documents to be confidential, private and/or subject to a law enforcement and/or governmental privilege and/or other applicable privileges;

        **WHEREAS**, Defendants object to the production of such information and documents unless appropriate protection for their confidentiality is assured; and

        **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for Plaintiff and the attorneys for Defendants as follows:

1. This Action shall mean <u>Jermaine Gordon v. CO Drummond, et al.</u>, 19 Civ. 8405 (GBD) (GWG).

As used herein, without waiving the right to later interpose any objections concerning these documents, "Confidential Materials" shall mean[1]:

a. DOC personnel and disciplinary-related records and information;

b. Records of investigations regarding the conduct of members of the DOC conducted by the DOC or other agencies;

c. Any other disciplinary histories or other records from the Investigation Division, any other DOC division, or any other governmental agency for the individual Defendants;

d. Records of any investigations regarding infractions or other conduct by inmates, including the plaintiff, conducted by the DOC or other agencies;

e. Any video footage captured within a DOC facility; and

f. Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the Defendants or the Court.

2. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by Plaintiff from sources other than Defendants, or (b) are otherwise publicly available.

3. Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and by designating such documents by

---

[1] The identification of any specific documents in Paragraph 2 does not waive the right to interpose any objection concerning same including to its production in this action.

bates number in a writing directed to Plaintiff. Defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

4. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material by Defendants shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

5. Defendants reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to Plaintiff.

6. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

7. If Plaintiff objects to the designation of particular documents as "Confidential Materials," he shall state such objection in writing to the Defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then, within fourteen (14) days of receiving Defendants' response to Plaintiff's objection, Plaintiff shall seek judicial intervention. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

8. Plaintiff and his counsel shall not use the Confidential Materials for any purpose other than for the preparation or presentation of his case in this Action.

9. Plaintiff's attorney shall not disclose the Confidential Materials to any person, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this action, to those individuals described in the subparagraphs below.

   b. Disclosure before trial may be made only to Plaintiff, to an expert who has been retained or specially employed by his counsel in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), Plaintiff shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

10. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

11. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court

for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request, or shall make an application to the Court to have the relevant materials de-designated as confidential, pursuant to Paragraph "7" of this Stipulation. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the rules of the District Court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

12. Where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, Plaintiff and Defendants may file redacted documents without further order of the Court.

13. In addition, where reasonable advance notice is given by Plaintiff and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion by Plaintiff, or at a trial on the merits in this matter, such information will not be subjected to the instant protective order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

14. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to Defendants' attorneys or, upon Defendants' attorneys' consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendants' attorney.

Notwithstanding this provision, Plaintiff may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose. Any such copies that contain or constitute Confidential Materials remain subject to this Stipulation of Confidentiality and Protective Order.

15. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that has been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving confidential documents pursuant to Paragraph "10" herein, for any purpose without prior Court approval.

16. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

17. The terms of this Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

18. Nothing in this Stipulation and Protective Order shall be construed to limit Defendants' use of the Confidential Materials in any manner.

19. This Stipulation of Confidentiality and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation and Protective, which shall be binding upon and effective as to all Parties.

| | |
|---|---|
| SIM & DEPAOLA, LLC<br>*Attorney for plaintiff*<br>42-40 Bell Boulevard, Suite 201<br>Bayside, NY 11361<br>718-281-0400 | JAMES E. JOHNSON<br>Corporation Counsel of the<br>City of New York<br>*Attorney for Defendants*<br>100 Church Street<br>New York, New York 10007 |
| By: /s/ *Samuel C. DePaola*<br>　　SAMUEL C. DEPAOLA | By: /s/ *Andrew B. Spears*<br>　　ANDREW B. SPEARS |

SO ORDERED:

_____
HON. GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

Dated:     August 5     , 2020

## EXHIBIT A

1. The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated _____ 2020, entered into the action entitled <u>Jermaine Gordon v. CO Drummond, et al.</u>, 19 Civ. 8405 (GBD) (GWG), understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____          Signature: _____

Print Name: _____

Occupation: _____