UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JERMAINE GORDON,                                    :

            Plaintiff,                   :        ORDER

   -v.-                                                      :
                                                                                     19 Civ. 8405 (GBD) (GWG)
C.O. MR. DRUMMOND, et al.,                    :

            Defendants.                :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Jermaine Gordon brings this action against Correctional Officer Oral Drummond, Correctional Officer Latoya Jackson, and the City of New York to recover damages in connection with defendants' alleged failure to protect Gordon from an assault by other inmates during his pretrial incarceration at Rikers Island.  See Complaint, filed September 10, 2019 (Docket # 1), at 1-2, 4-5; Order of November 15, 2019 (Docket # 8), at 1-2.  Defendants' motion for summary judgment (Docket # 52) is currently pending before this Court.  Defendants seek summary judgment on several grounds, including on the basis that Gordon failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e(a).  See Memorandum of Law in Support of Defendants' Motion for Summary Judgment, filed Juned 18, 2021 (Docket # 54), at 7 ("Def. Mem.").

      The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The defendants point to the New York City Department of Correction's Inmate Grievance and Request Program ("IGRP") as the source of the applicable administrative remedy.  Def. Mem., at 5.  Section IV.2.b of the IGRP provides: "Inmate allegations of physical or sexual assault or harassment by either staff or inmates are not subject to the IGRP process." (available at https://www.nyc.gov/html/doc/downloads/pdf/Directive_3376_Inmate_Grievance_Request_Program.pdf, at 5).  Thus, courts have held that "a prisoner's claims for excessive force and assault are not subject to the affirmative defense of failure to exhaust administrative remedies because he failed to use the IGRP process."  Pizarro v. Ponte, 2019 WL 568875, at *5 (S.D.N.Y. Feb. 11, 2019); accord Taylor v. City of New York, 2018 WL 1737626, at *4 (S.D.N.Y. Mar. 27, 2018) (collecting cases); Taylor v. Swift, 21 F. Supp. 3d 237, 241-43 (E.D.N.Y. 2014).

      The defendants are directed to file a letter on or before September 9, 2021, explaining why they may assert an exhaustion defense in light of IGRP Section IV.2.b.  The plaintiff may respond by letter filed on or before September 16, 2021.

      SO ORDERED.

Dated: September 2, 2021
       New York, New York

                                                    GABRIEL W. GORENSTEIN
                                                    United States Magistrate Judge