```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------- x

JERMAINE GORDON,

             Plaintiff,

     -against-

ORAL DRUMMOND, LATOYA JACKSON,
AND THE CITY OF NEW YORK.

            Defendants.
------------------------------- x

<u>MEMORANDUM DECISION</u>
<u>AND ORDER</u>

19 Civ. 8405 (GBD)(GWG)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Jermaine Gordon brings this action against Correctional Officer Oral Drummond, Correctional Officer Latoya Jackson, and the City of New York pursuant to 42 U.S.C. § 1983. (Complaint, ECF No. 1, at 2.) Plaintiff alleges his constitutional rights were violated when the Defendants failed to protect him from an assault by other inmates while he was incarcerated at Rikers Island. (*Id.* at 4-5.) Defendants moved for summary judgment dismissing Plaintiff's claim pursuant to Fed. R. Civ. P. 56. (Defendants' Notice of Motion for Summary Judgment ("MSJ"), ECF No. 52, at 1.)

    Before this Court is Magistrate Judge Gabriel Gorenstein's November 16, 2021 Report and Recommendation, recommending that Defendants' motion for summary judgment be denied as to Defendant Drummond and granted as to Defendants Jackson and the City of New York. (Report and Recommendation ("Report"), ECF No. 68, at 1, 5, 19, 20.) In his Report, Magistrate Judge Gorenstein informed the parties of their right to submit objections to the Report and advised them that failure to file timely objections to the Report would constitute a waiver of those objections.

1

(*Id.* at 23.) Defendant Drummond filed timely objections. (Defendants' Objections to the Report ("Objections"), ECF No. 71, at 7.) Plaintiff filed no objections.

Upon clear error review of Magistrate Gorenstein's Report, and de novo review of Defendants' Drummond's Objections to the Report, this Court overrules the Objections and ADOPTS the Report. Accordingly, Defendants' motion for summary judgment is GRANTED dismissing Defendants Jackson and the City of New York, and DENIED as to Defendant Drummond.

## I.  FACTS

On August 19, 2017, Plaintiff was assaulted by other inmates on Rikers Island. (Report at 2.) That night, Defendant Drummond was one of the two correctional officers assigned to supervise Plaintiff's housing area, West 17B Lower, where approximately 80 inmates slept in an open area. (*Id.*) Defendant Jackson supervised nearby on West 17A Lower. (*Id.*) Another inmate, Bilal, allegedly informed Plaintiff that he overheard (1) Defendant Jackson telling inmates about Plaintiff's homosexuality and pending child molestation charges and (2) Defendant Drummond granting inmates permission to assault a homosexual inmate in West 17B Lower[1]. (*Id.*)

At the time of the assault, Defendant Drummond was in the "bubble," the area between West 17B Lower and West 17A Lower, using the restroom rather than supervising West 17B Lower. (*Id.* at 3-4.) Defendant Drummond and Defendant Jackson let Plaintiff into the bubble after the assault. (*Id.* at 4.) Defendant Drummond allegedly told Plaintiff that he knew inmates planned to assault a homosexual inmate but that he was unaware that Plaintiff was the target of

---

[1] Although Magistrate Judge Gorenstein properly determined that inmate Bilal's proffered statements to Plaintiff would be inadmissible hearsay as testified to by Plaintiff, it is unclear whether Bilal can be located for trial to give direct admissible testimony of Defendants' alleged admissions.

that assault. (*Id.*) Defendant Drummond claims that he did not know that Plaintiff was homosexual or that he was charged with child molestation and awaiting trial. (*Id.*)

## II. LEGAL STANDARD

### A. Reports and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). If no party files objections to a report and recommendation, the court "need only satisfy itself that there is no clear error on the face of the record." *Kessler v. Colvin*, 48 F.Supp.3d 578, 582 (S.D.N.Y. 2014) (*citing Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and quotation marks omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F.Supp.2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

The clear error standard also applies where the objections filed are "'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge,' and are therefore improper." *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). When a party has filed proper objections, however, the court must make a de novo determination as to those portions of the report to which the objections are made. *See* 28 U.S.C. § 636(b)(1)(C); *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The court makes such a de novo determination when it "arrive[s] at its own, independent conclusion." *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

### B. Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed" and the court must draw "all justifiable inferences" in favor of the nonmoving party. *Id.* at 255 (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)); *accord Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001) ("[A]ll reasonable inferences must be drawn against the party whose motion is under consideration.").

Once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)), and "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citing cases). In other words, the non-movant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (punctuation omitted). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried

with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996) (*citing Anderson*, 477 U.S. at 247-48).

### III.    FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Magistrate Judge Gorenstein found that because Plaintiff's sworn deposition testimony that he had exhausted administrative remedies was not necessarily unbelievable, and Plaintiff is consistent with the documentary evidence in the record, Defendant's have not demonstrated that Plaintiff's exhaustion was not proper. (Report at 11.)

Defendant objects to Magistrate Judge Gorenstein's finding that Plaintiff's testimony was not necessarily unbelievable and created a genuine dispute of material fact regarding exhaustion, and with magistrate Judge Gorenstein's finding that a non-evidentiary hearing is necessary to address the material issues of fact. (Objections at 9, 12.)

Failure to exhaust is an affirmative defense. *Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013). The defendants have the burden of proving that a plaintiff's claims were not exhausted. *See Hubbs v. Suffolk Cnty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015). On summary judgment, courts have a duty not to weigh the credibility of the parties. *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005). However, summary judgment may be granted where Plaintiff relies exclusively on his own testimony, and where the facts alleged in that testimony "[is] so contradictory that doubt is cast upon [its] plausibility." *Id.* (quoting *Aziz Zarif Shabazz v. Pico*, 994 F.Supp. 460 at 470 (S.D.N.Y. 1998)).

Defendant has totally failed to meet its burden of proof with regards to the issue of exhaustion. Plaintiff has submitted sworn deposition testimony that his initial grievance regarding the August 2017 assault was returned by a Department of Corrections ("DOC") official due to references to staff misconduct. (Report at 10; Transcript of Jermaine Gordon Deposition ("Gordon Tr.") at 83:7-25, 84:1-2.) Plaintiff also testified that he was told that he would not be transferred

into protective custody until the grievance was edited to remove references to staff misconduct, which Plaintiff did. (*Id.*) Plaintiff testified that after he was transferred, he filed a grievance with the information regarding the staff misconduct that he had previously removed at the DOC official's insistence. (*Id.*) Plaintiff further testified that he was aware of the multi-step grievance process and completed all the necessary steps, but did not receive a response. (*Id.* at 92:4-25.)

In the face of Plaintiff's claim that he filed two grievances, Defendant Drummond submitted an affidavit stating that a record search on May 6, 2021 resulted in no grievances in connection with the August 2017 assault. (Calvert Affidavit.) Defendant has also submitted a copy of the DOC Inmate Placement Into Protective Custody Housing Form ("Protective Housing Form"), dated August 20, 2017, "which demonstrates, *inter alia*, that the purported grievance that plaintiff attempted to file following his assault on August 19, 2017 was actually a request to be placed in protective custody. (Declaration of Andrew B. Spears, ECF No. 61, at ¶ 3.) However, the Protective Housing Form itself, which is filled out by Officer Williams, makes reference to the fact that Plaintiff "provided a written statement stating that he does not feel safe in general population and he [is] scared for his life." (Exhibit B to Spears Declaration, ECF No. 61-2, at 1.) Defendant has not explained why the written statement was not identified in the May 6, 2021 DOC records search. Nor has Defendant produced that written statement during discovery. The evidence in the record shows that Defendant's records are not complete. Officer Williams twice made reference to receiving Plaintiff's written statement which the Defendant claims it never received and does not exist. Defendant has proffered no explanation regarding the missing written submission referenced by Officer Williams in his Protective Housing Form. Accordingly, Defendant has not met its burden to show that Plaintiff failed to file a grievance in connection with the August 2017 assault, and that he failed to exhaust administrative remedies.

6

Defendant argues that Plaintiff's testimony was necessary unbelievable because it is inconsistent with evidence in the record, including the DOC Affidavit stating that no IGRP grievances were filed by Plaintiff. (Objection at 11.) However, given the evidence that Plaintiff submitted at least one written statement describing the August 2017 attack, referenced in the Protective Housing Form, the record does not support Defendant's conclusion that the DOC search thoroughly uncovered all grievances filed by the inmate, such that the failure of the search to locate a document conclusively means such document was never filed. Accordingly, Magistrate Judge Gorenstein's conclusion that a genuine issue of material fact exists with regards to the issue of whether Plaintiff has exhausted remedies is not clearly erroneous or contrary to law.[2]

### IV. DEFENDANT DRUMMOND

#### A. A Reasonable Jury Could Find That Defendant Drummond's Alleged Conduct Violated the Plaintiff's Fourteenth Amendment Rights

Magistrate Judge Gorenstein found that Defendant Drummond is not entitled to summary judgment on Plaintiff's Fourteenth Amendment claim for failure to protect because Plaintiff's injuries were sufficiently severe to constitute a per se showing of sufficiently serious conditions of confinement, (*id.* at 14), and there is admissible evidence in the record from which a reasonable juror could conclude that Defendant Drummond's conduct was reckless and showed deliberate indifference to Plaintiff's conditions of confinement, (*id.* at 17.)

Defendant Drummond objects to Magistrate Judge Gorenstein's finding because (1) Plaintiff's injuries did not result from violent conduct such as a slashing, and therefore could not constitute a per se showing of sufficiently serious conditions of confinement, (*id.* at 4); (2) Defendant was unaware of any substantial risk of serious harm specific to Plaintiff, (*id.* at 5); and

---

[2] Magistrate Judge Gorenstein recommends a non-jury evidentiary hearing on the issue of administrative exhaustion. (Report at 12.) However, there is no evidence in the record that Defendant claims he would produce at a hearing other than the scant and incomplete documentary evidence proffered in support of Defendant's motion for summary judgment. Moreover, Defendants do not seek such a hearing.

7

(3) because Plaintiff's failure to inform Defendant Drummond that he feared attack before Defendant Drummond left the housing area makes Defendant Drummond's alleged conduct merely negligent, (*id* at 7.)

Under the Fourteenth Amendment, a pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to conditions of confinement posing a substantial risk of harm to inmate health and safety. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (citations omitted); *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). To prevail on a failure to protect claim, Plaintiff must show (1) that he was incarcerated under conditions posing a substantial risk of serious harm, and (2) that defendant was reckless, or acted with deliberate indifference, to a known and substantial risk to inmate health or safety. *Id.*

### 1. Conditions of Confinement

An inmate may show that he was subjected to conditions of confinement posing a substantial risk of harm to inmate health and safety where he suffered injuries which are sufficiently severe to constitute a per se showing of dangerous conditions of confinement. *House v. City of New York*, 2020 WL 6891830, at *13 (S.D.N.Y. Nov. 24, 2020). Injuries are sufficiently severe to constitute such a per se showing where (1) the prisoner "sustain[ed] serious injuries as a result of [an] altercation with [other inmates]," and (2) the prisoner "was the victim of an undisputedly unprovoked attack." *Id.* (citations omitted).

Plaintiff's injuries were sufficiently serious to constitute a per se showing of conditions of confinement posing a substantial risk of harm to inmate health and safety. There is no dispute that Plaintiff's attack was not provoked. (Report at 15.) Nor is there any dispute that Plaintiff's injuries are serious. Plaintiff was punched, kicked, and stomped on by a gang of "Bloods" until he was

unconscious and bleeding. (Report at 14.) In addition, Plaintiff's injuries required medical attention. (*Id.*)

Defendant argues that since Plaintiff's injuries did not result from a "slashing," or from a razor or other sharp instrument, his injuries could not be per se indicative of a serious risk of harm. (Objections at 4.) However, Defendant fails to present any authority for the position that only certain kinds of injuries can be per se indicative of serious harm. Nor is it persuasive that the injuries in the three cases identified by the court in *House*, and the injury suffered by the plaintiff in House, consisted of slashings. (*Id.*) Accordingly, Magistrate Judge Gorenstein finding that Plaintiff's injuries were sufficiently serious to constitute a per se showing that he was incarcerated under conditions posing a substantial risk of serious harm is not clearly erroneous or contrary to law.

### 2. Mens Rea

A prison official shows deliberate indifference to an inmate's challenged condition of confinement where the official "recklessly failed to act with reasonable care to mitigate the risk that the challenged condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Defendant's alleged conduct is sufficient to show deliberate indifference to Plaintiff's challenged condition of confinement. Plaintiff testified that Defendant Drummond himself admitted to Plaintiff that he was aware that a homosexual inmate would be assaulted in the housing area of West 17B Lower. (Gordon Tr. at 74:12-25, 75:1-7.) In addition, Defendant Drummond testified to the fact that homosexual inmates and inmates facing sexual misconduct charges are at a higher risk of being assaulted by other inmates. (Deposition Transcript of Oral Drummond

("Drummond Tr."), ECF No. 58-2, at 19: 5-11.) The record reflects that Defendant Drummond did not take any action in response to the threat to a homosexual inmate, and left his post in West 17B Lower unattended. The record also reflects that Defendant Drummond did not attempt to find a guard to replace him when he left his post unattended.

Defendant Drummond argues that his conduct could not have shown deliberate indifference to Plaintiff because Defendant was not aware that the threat against a homosexual inmate was specific to Plaintiff. (Objection at 5.) In support, Defendant Drummond cites *Tangreti v. Bachmann*. 983 F.3d 609 (2d Cir. 2020) and *Pusateri v. City of Dunkirk*, No. 20- CV-00427 (CR), 2021 U.S. Dist. LEXIS 139367, at *35 (W.D.N.Y. July 27, 2021). However, in neither case did the defendant have knowledge of any risk of harm to inmate safety and nonetheless fail to take any action to mitigate that risk. *Tangreti,* 983 F.3d at 619 (dismissing failure to protect claim against supervisor because supervisor lacked subjective knowledge that plaintiff was at a substantial risk of being sexually abused by prison officials); *Pusateri*, 2021 U.S. Dist. LEXIS 139367, at *35 (dismissing failure to protect claim against medical official who prescribed medication to inmate who died from overdose because complaint failed to allege that defendant reviewed decedent's medical records before prescribing medication or had specific knowledge of decedent's medical history).

Defendant also argues that his conduct was not reckless because Plaintiff did not inform Defendant that Plaintiff feared assault before Defendant Drummond left his post unattended. (Objections at 7.) In support, Defendant cites *House v. City of New York*. In that case, the court found that plaintiff's statements that he felt uncomfortable, made three weeks prior to the attack, and that he did not feel safe, made the day of the attack, were insufficient to support a finding that a reasonable officer in defendant's position would have appreciated a substantial risk of harm to

plaintiff's safety. 2020 WL 6891830 at *15. Here, conversely, there is admissible evidence in the record from which a reasonable juror could find that Defendant had knowledge that a homosexual inmate would be attacked, and that Defendant did not believe the threat was empty. (Report at 18.) Accordingly, Magistrate Judge Gorenstein's finding that Defendant's alleged conduct was reckless is not clearly erroneous or contrary to law.

### B. Defendant Drummond is Not Entitled to Qualified Immunity

Magistrate Judge Gorenstein found that Defendant Drummond was not entitled to summary judgment on the basis of qualified immunity because Defendant's alleged conduct violated clearly established law regarding an inmate's Fourteenth Amendment right. (Report at 20.)

Defendant Drummond objects to magistrate Gorenstein's finding that his alleged conduct at the time of Plaintiff's assault violated clearly established law. (Objections at 8.)

A constitutional right is 'clearly established' where "the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). To be clearly established, the unlawfulness of the conduct must have been apparent "in light of pre-existing law." *Id.* For unlawfulness to be apparent, precedent needs to be "clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018).

At the time of the assault on Plaintiff, the conduct for which a prison official could be liable on a failure to protect claim was clearly established. Prior to Defendant's alleged conduct, the Supreme Court in *Farmer* held that a prison official may be liable under the Eighth Amendment for denying humane conditions of confinement where he knows that inmates face a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. *Farmer*,

11

551 U.S. at 844. In addition, the Second Circuit in *Darnell* held that a pretrial detainee may hold a prison official liable for deliberate indifference to conditions of confinement under the Due process clause of the Fourteenth Amendment, where the prison official has knowledge of a substantial risk to inmate health and safety and recklessly fails to act with reasonable care to mitigate that risk. *Darnell*, 849 F.3d at 35. Moreover, even before *Darnell*, the Second Circuit held in *Morales* that prison officials' failure to alert prison superiors of a risk to the health and safety of an inmate, or to take other appropriate action to protect the inmate, amounted to deliberate indifference and would give rise to a claim under the due process clause of the Fourteenth Amendment. *Morales*, 842 F.2d at 30.

Defendant argues that *Morales* is not applicable to this case because in that case the prison official defendants "ignored plaintiff reports" and "effectively facilitated the incident by permitting plaintiff's assailant to enter the housing area in violation of applicable rules." (Objections at 8.) However, Defendant has not identified sufficient factual differences to support a finding that, following the Second Circuit's decision in *Morales*, a reasonable officer would have considered Defendant Drummond's alleged conduct lawful.

Defendant also argues that Magistrate Judge Gorenstein defined Plaintiff's constitutional right at too high a level of generality. (*Id.*) However, it is not necessary to show that Defendant's specific conduct was previously held unlawful to show a law or right is clearly established. *Anderson*, 483 U.S. at 640. Moreover, Defendant again fails to present any authority showing that Defendant's alleged conduct would have been considered lawful by any reasonable officer at the time of the assault. Accordingly, Magistrate Judge Gorenstein's finding that Defendant Drummond is not entitled to qualified immunity is not clearly erroneous or contrary to law.

## V.   CONCLUSION[3]

Defendant Drummond's Objections are overruled. Magistrate Judge Gorenstein's recommendation that Defendant's motion for summary judgment be granted as to Defendants Jackson and New York City, and denied as to Defendant Drummond is ADOPTED. Defendants' motion for summary judgment dismissing Defendant Jackson and the City of New York, (ECF No. 52), is GRANTED. Defendant Drummond's motion for summary judgment is DENIED. The Clerk of Court is directed to close the motion, accordingly.

Dated: New York, New York
       March 25, 2022

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

---

[3] Magistrate Judge Gorenstein properly found that Defendant Jackson is entitled to summary judgment because there is no admissible evidence in the record that she knew there was a substantial risk of harm to an inmate's health and safety. (Report at 19.) Magistrate Judge Gorenstein also properly found that Defendant New York City is entitled to summary judgment because Plaintiff has not asserted any claims against it. (Report at 12.) Neither finding was objected to by Plaintiff.

13